UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
EBENEZER KOBINA QUAINOO,                  )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )   Civil Action No. 13-CV-0075 (KBJ)
                                          )
ERIC HOLDER, *et al.*,                    )
                                          )
          Defendants.                     )
                                          )
_____ )

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is plaintiff's petition for a writ of mandamus to compel the defendants,[1] specifically the United States Citizenship and Immigration Service ("USCIS"), to adjudicate plaintiff's I-751 waiver petition.[2] Plaintiff initiated this action on January 17, 2013, pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, after his I-751 waiver petition had been pending before the USCIS for 42 months (since June 1, 2009). (Compl., ECF No. 2, at 2.)

The government filed a motion to extend the time to file an answer to plaintiff's complaint on June 3, 2013. (U.S. Mot., ECF No. 9.) In that motion, defendants represented that the USCIS had issued a letter of intent to deny plaintiff's I-751 waiver petition. (*Id.* at 1.) In light of that representation, the Court ordered plaintiff to show cause why his mandamus action

---

[1] The defendants are Eric Holder, Attorney General; Gregory Collett, District Director of the United States Citizenship and Immigration Service ("USCIS"); Janet Napolitano, Secretary of the United States Department of Homeland Security; and Alejandro Mayorkas, USCIS Director. USCIS is a sub-agency of the Department of Homeland Security.

[2] Plaintiff's I-751 waiver petition asks the USCIS to change his immigration status so that a final decision can be made in his underlying removal proceedings. (*Id.*)

should not be dismissed as moot.  (Minute Order of June 4, 2013.)  Plaintiff's show cause response was due on July 1, 2013.  (*Id.*)  That deadline has now come and gone, yet the plaintiff has not filed any response.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  "[T]he mootness doctrine requires a federal court to refrain from deciding [a case] if 'events have so transpired that the decision will [not] presently affect the parties' rights[.]"  *Bouguettaya v. Chertoff*, 472 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Columbian Rope Co. v. West*, 142 F.3d 1313, 1316 (D.C. Cir. 1998)).  In his I-751 waiver petition, plaintiff specifically requested that the USCIS adjudicate the petition by issuing a notice of intent to deny.  (Compl. ¶ 33.)  Plaintiff does not dispute that the USCIS has now issued such a notice; indeed, he filed no response to the Court's order to show cause.  Because the relief that plaintiff seeks apparently has already been provided, this mandamus action must be dismissed as moot.  *See Bouguettaya*, 472 F. Supp. 2d at 2 ("As USCIS denied [plaintiff's] AOS application . . . , his request that the Court order the USCIS to process that application is now moot."); *see also Ahmad v. Napolitano*, No. 09-1052 (JDB), ECF No. 16 ("Where [USCIS] has denied an application . . . a plaintiff's request that the Court order [USCIS] to process the application must be dismissed as moot.") (citing *Bouguettaya*, 472 F. Supp. 2d at 2).

Accordingly, it is hereby **ORDERED** that this case is dismissed.

Date:  July 10, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

2